# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| EDGAR ALEXIS GARCIA RIEGO | ) | Case No. 3:25-mj-70888 MAG |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**

Jul 21 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 19, 2025 in the county of San Francisco in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(5)(B), (b)(2) | Possession of Child Pornography |
| | Maximum Penalties: 20 years in prison if offense involved a prepubescent minor or a minor younger than 12; otherwise 10 years in prison; $250,000 fine; lifetime supervised release and minimum of 5 years supervised release; $100 special assessment; criminal forfeiture; deportation. |

This criminal complaint is based on these facts:

See attached affidavit of TFO Richard Salaz III

☑ Continued on the attached sheet.

Approved as to form  _/s/ Daniel Pastor_
            AUSA  Daniel Pastor

/s/ Richard Salaz III
*Complainant's signature*

Richard Salaz III, Task Force Officer
*Printed name and title*

Sworn to before me by telephone.

Date: 07/20/2025

*[Signature]*
*Judge's signature*

City and state:  San Francisco, California

Hon. Peter H. Kang, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Richard Salaz, III, Task Force Officer with Homeland Security Investigations ("HSI"), being duly sworn, state:

### INTRODUCTION

1. I make this affidavit in support of an application for a complaint and warrant authorizing the arrest of **Edgar Alexis GARCIA RIEGO** for possession of child pornography – specifically, the below-described videos of child pornography – on July 19, 2025 in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2) ("Target Offense").

### SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of a securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that the violation of the federal law identified above has occurred. I base my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents, law enforcement officers, and witnesses, and information provided by records and databases. When conversations and events are referenced, they are often referred to in substance and in relevant part rather than in their entirety or verbatim. This affidavit also reflects my current understanding of facts relating to this investigation. My understanding may change in the future as the investigation proceeds.

### AFFIANT BACKGROUND

3. I am a Task Force Officer (TFO) with the Homeland Security Investigations (HSI) assigned to the Border Enforcement Security Taskforce (BEST), at the San Francisco International Airport, and have been so employed since April 2024. Prior to my current position as a TFO with Homeland Security Investigations, I was a Senior Federal Air Marshal with the Federal Air Marshal Service.

1

4.     My training included Task Force Officer training provided by Homeland Security Investigations, basic police and investigations training at the Federal Law Enforcement Training Center in Artesia, NM and the Federal Air Marshal Training Program in Atlantic City, NJ. My federal law enforcement training involved preliminary investigations into violations of federal crimes, police tactics, firearms, interviews and interrogations, surveillance, and court room procedures to name a few areas.

5.     As a TFO for HSI, I am authorized by law to conduct investigations, to execute search warrants, and to make arrests for, violations of federal criminal law, including 18 U.S.C. §§ 2252 and 2252A, and other offenses relating to child pornography.  I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of federal law, including offenses enumerated in 18 U.S.C. § 2252.

## APPLICABLE STATUTES

6.     18 U.S.C. § 2252(a)(5)(B)—Possession of Child Pornography—states in relevant part:

> Any person who knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if— the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

7.     18 U.S.C. § 2252(b)(2) states in relevant part:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years . . . .

\\

8. Child Pornography is defined at 18 U.S.C. § 2256(8). Throughout this affidavit, child pornography is referred to as "child sexual abuse material" or "CSAM". These terms refer to any "visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct." *Id.*

## STATEMENT OF PROBABLE CAUSE

9. In July 2025, San Francisco Customs and Border Protection (CBP) received information from CBP Field Operations in Tampa, Florida reporting Edgar GARCIA RIEGO was a high-risk for possession of CSAM.

10. On July 19, 2025, GARCIA RIEGO flew from Mexico City to San Francisco International Airport (SFO).

11. GARCIA RIEGO was traveling with his female cousin and her 11-year-old son (GARCIA RIEGO's nephew) through SFO to Narita, Japan with the group's final destination listed as Bangkok, Thailand.

12. GARCIA RIEGO had been placed on a CBP lookout for secondary inspection and questioning about child pornography. Lookouts are typically based on information, trends, travel patterns, and/or previous CBP inspections.

13. Here, CBP had information indicating that GARCIA RIEGO may be using the Telegram app to view CSAM.

14. After GARCIA RIEGO arrived at SFO, CBP officers contacted him, questioned him, and took possession of his Apple iPhone 16 PRO MAX and his Apple iPad.

15. Prior to questioning him, CBP officers asked GARCIA RIEGO whether he preferred to use a Spanish/English translator. GARCIA RIEGO said he did not need a translator.

16. GARCIA RIEGO provided password information for his Apple iPhone 16 PRO MAX and his Apple iPad. CBP officers placed the devices in airplane mode.

17. CBP then conducted initial manual searches of the devices for CSAM. The Telegram app was not visible with an icon on the iPhone's home screen. Officers searched for Telegram and were able to open the Telegram app on the iPhone.

18. During the initial search of the GARCIA RIEGO's iPhone, CBP found more than 20 video thumbnails that appeared to contain CSAM.

19. Officers found one video that showed a prepubescent boy receiving anal sex from an adult male while other young boys posed naked. Other videos showed minor boys performing oral sex on adult males.

20. CBP officers called me because I was the HSI duty agent at the time.

21. I met the CBP officers in the secondary inspection area of SFO. I saw that the Telegram app on GARCIA RIEGO's Apple iPhone had thumbnails for over 20 videos that appeared to contain CSAM. I saw multiple videos of minors (some pre-pubescent) engaged in sexual activity with adults.

22. I then conducted an audio-recorded interview with GARCIA RIEGO along with a CBP officer who served as a witness.

23. On the recording, after identifying myself, I confirmed that GARCIA RIEGO was comfortable being interviewed in English and did not need a translator.

24. I then asked GARCIA RIEGO some initial biographical questions. Among other things, I learned that GARCIA RIEGO is 38 years old and works as a physician in Veracruz, Mexico.

25. I then read GARCIA RIEGO *Miranda* warnings verbatim from a Statement of Rights Waiver. GARCIA RIEGO confirmed that he understood his rights and signed and dated the waiver form.

26. When asked to describe the videos found on his phone, GARCIA RIEGO replied: "Uh, Where? In the uhhh . . . . the hidden folders?"

27. GARCIA RIEGO admitted to being part of a Telegram group chat containing pornography involving young people on his iPhone for about a month.

28. I asked GARCIA RIEGO why he did not leave the Telegram chat group. He replied: "Like, I don't see it. It's not there. It's supposed to throw you out of the group after one month."

29. I asked GARCIA RIEGO about a hidden vault app on his phone called KY. I know from my conversations with CBP officers that KY is a secure storage app for photos, videos, and other files. GARCIA RIEGO's iPhone showed the app used roughly 3.17GB of storage on the iPhone.

30. GARCIA RIEGO provided a passcode for the app. The passcode he provided opened the app, and the app showed 5-6 videos that cumulatively were less than 1GB total.

31. After explaining to GARCIA RIEGO that I know that certain hidden vault apps allow users to have multiple passcodes granting different levels of access to the files in the vault, I asked GARCIA RIEGO whether he had any other passwords for KY.

32. He admitted that he had used multiple passwords for the app in the past. When asked for another possible password, GARCIA RIEGO said, "Maybe, 1234," and then said he could not remember any other passwords.

33. GARCIA RIEGO denied ever having sexual contact with minors including his 11-year-old nephew.

34. At various points throughout the interview, GARCIA RIEGO minimized his conduct and made the following statements. He stated that he saw three videos he did not like in the Telegram group and then stopped watching. He also stated that he entered the Telegram group two to three times and then did not watch anything after that. He stated that once he saw how young the boys in the videos appeared to be, he stopped watching.

35. GARCIA RIEGO voluntarily consented to a forensic search of his electronic devices and signed a consent to search form during his interview with me.

\\

36. In a sworn declaration to CBP that GARCIA RIEGO signed later that evening relating to his parole into the United States, GARCIA RIEGO admitted that:

- he paid $5/month to join the Telegram group chat containing CSAM.
- the first time he saw the Telegram group chat videos, there were about 20 videos. When he checked the group chat a week later, there were roughly 100 videos.
- he saw 2-3 videos in the group chat that were porn videos involving young people that were maybe fifteen but stated that in the preview of the videos they might have been ten years old.

## CONCLUSION

37. Based on the facts stated above, I respectfully submit that there is probable cause to believe that on or about July 19, 2025, in the Northern District of California, Edgar Alexis GARCIA RIEGO knowingly possessed child pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2).

//s//
_____
RICHARD SALAZ, III
Task Force Officer
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 20th day of July 2025.

_____
HON. PETER H. KANG
United States Magistrate Judge